DECISION
Plaintiffs appeal concerning certain omitted property assessments for the six tax years 2003-04 through 2008-09. The property is identified in the Lane County tax records as Account 0570034.
A trial was held on June 3, 2010. David E. Carmichael, Attorney at Law, represented Plaintiffs; Josh G. Gibeau provided sworn testimony. Appearing for Defendant were Mike Cowles, sales data analyst for Lane County, and Bryce Krehbiel, Lane County Appraiser.
 I. STATEMENT OF FACTS
On September 16, 2009, Defendant sent an Omitted Property (OMP) letter to Plaintiffs. It advised that the following real market values (RMV)[1] were being added to the tax rolls due to certain corrections:
Tax Year OMP RMV
2003-04 $38,797
2004-05 $39,961
2005-06 $42,760
2006-07 $46,179
 *Page 2 
2007-08 $51,720
2008-09 $45,370

Pursuant to these corrections, there was $2,146.90 in additional tax imposed and due as of November 15, 2010. (Ptfs' Compl at 2-3; Def's Ex D.)
Plaintiffs acquired the subject property in 1999. At that time, the primary structure was a single-family residence. Later, some additions were made. Josh Gibeau testified that he had assisted with some minimal labor, no more than 30 hours in total, mostly on weekends and in the evenings.
In 1999, a garage was added; total costs were $6,477.[2]
In 2000, certain "lean-to" additions were made; total costs were $2,839. In 2002, a sun room was constructed; total costs were $5,869. In 2003, paving was added; total costs were $3,110. Many receipts and supporting documentation were provided for all items and all years. (Ptfs' Ex 1; Def's Ex G.)
During the trial, it was elicited that there were missing figures for certain concrete and related labor. Plaintiffs' estimate was "less than $1,000."
Defendant's witnesses provided a summary of their appraisal records. The last prior inspection prior to the OMP action was on December 28, 1990. (Def's Ex E.) Later, when the property was studied, it was determined that "substantial value" had been added to the property. Defendant then determined that an OMP action should be undertaken. Based on sales data and cost factors, Defendant concluded that $38,797 in value should be the base value addition as of 2003, the first year at issue herein. From that tax year, the subsequent years were calculated using historical trending figures. *Page 3 
Neither of Defendant's witnesses had viewed the subject property; no site visit was made. They testified that their review and the OMP actions were based on a "desk review." An aerial photograph was also examined.
As to the various components added, the garage is the most substantial; Defendant estimated $19,000 additional value while Plaintiffs' evidence supported $6,475. (Ptfs' Ex 1; Def's Exs G, H.)
 II. ANALYSIS
The OMP additions were made pursuant to ORS 311.205.[3]
That statute allows for additions for "new property or new improvements." ORS 308.149(5)(a). In contrast, there can be no OMP actions where the improvements are determined to be "minor construction." That term is defined in OAR 150-308.149(6) as:
 "(1) Definition: "Minor construction" is an improvement to real property that results in an addition to real market value (RMV), but does not qualify as an addition to maximum assessed value (MAV) due to a value threshold. The value threshold is an RMV of over $10,000 in any one assessment year, or over $25,000 for all cumulative additions made over five assessment years."
There is nothing impermissible about Defendant's initial actions. There was a good faith belief that substantial value had been added after the 1990 appraisal inspection. The statutory process and procedures were followed as outlined.
However, upon judicial review, the court is limited to the facts and testimony presented at trial. These findings include that Defendant's witnesses did not ever inspect the subject property. They did not know the extent of the changes or when they were all made. *Page 4 
On the other hand, Josh Gibeau testified in a candid and straightforward manner. He provided an impressive collection of receipts and documentation that was not effectively rebutted by Defendant.
Based on the weight of the evidence, the court finds that the changes to the subject property were clearly of minor construction and added annual contributions below the value threshold. Because of this, the OMP actions dated September 16, 2009, must be cancelled.
 III. CONCLUSION
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs in this case have clearly met that statutory requirement. Accordingly, their appeal must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that the omitted property actions dated September 16, 2009, shall be stricken.
Dated this ____ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Jeffrey S. Mattsonon December 10, 2010. The Court filed and entered this documenton December 10, 2010.
[1] Plaintiffs were advised of Defendant's intentions by way of an earlier letter dated August 26, 2009.
[2] Total figures are rounded.
[3] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007. *Page 1